[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM AND ORDERS RE: MOTION FOR CONTEMPT (#145)
The marriage of the parties was dissolved on August 28, 1995. The plaintiff has filed a motion for contempt seeking to compel the defendant to pay certain expenses which were the subject of the parties pendente lite agreement and which survived the decree of dissolution.
The court held an evidentiary hearing thereon, on April 11, 1996. At the conclusion of the hearing and on the basis of post hearing memoranda filed by the parties, certain expenses were withdrawn by the plaintiff, and others were agreed to by the defendant. What follows is this court's recapitulation and resolution of the expenses which remain in dispute. The court divides these expenses into three categories: (a) landscaping,(b) children's medical expenses, and (c) plaintiffs medical expenses.
A. Landscaping Expenses
 D'Andrea's Nursery — $ 6,000.07
The defendant is responsible for $1,000.07, only. About CT Page 4633 $5,000 of the total $6,000.07 is attributable to the construction of stone pillars. The cost of the stone pillars is not a "landscaping" expense within the meaning of the parties' agreement.
Phil Tedeschi — $ 1,528.00
The defendant is responsible for this expense.
B. Children's Medical Expenses
 Greenwich Hospital — $ 164.43
Dr. Carofino — $ 78.00
New Milford Hospital — $ 30.66
The defendant is responsible for these expenses.
C. Plaintiff's Medical Expenses
 Drs. Camp — $ 525.00
Hillis — $ 175.00
Blumberg — $ 700.00
Stark — $ 269.00
Gynecology Associates — $ 30.00
Helfer — $ 895.00
The defendant is responsible for these expenses. Court Exhibits 1, 2 and 3 must be read together. Exhibits 1 and 2 provide, in reference to the plaintiffs medical expenses, that the defendant would be responsible only for the doctors specifically named, which did not include the above. However, Exhibit 3, paragraph 6B, amended that agreement by referring to "all expenses." This would mean all medical expenses except as may be more specifically referenced, i.e., Drs. Bloom and Tamerin. Therefore, the above doctors are included within the meaning of "all expenses" of a medical nature.
Dr. Bloom — $ 1,050.00 CT Page 4634
The defendant is responsible for one half of this bill, $525.00
Dr. Bloom treated the plaintiff in the summer of 1994. Court Exhibit 1, paragraph 3 states that the parties "shall equally divide the expense of Dr. Blum" (sic.). Defendant's Exhibit B (Cohen's letter to Schoonmaker, December 20, 1994) confirms this.
Dr. Tamerin — $ 9,250.00
The defendant is responsible for an additional $1,280.00 to Dr. Tamerin.
Both parties agree that the defendant is responsible for the plaintiffs treatment by Dr. Tamerin, to the extent of one individual visit and one group visit per week. The court agrees with the defendant that this does not permit the plaintiff to "annualize her allotment of visits."
The court believes the "breakdown bill" of Dr. Tamerin as more credible. Defendant's Exhibit H. The court also takes judicial notice of the calendars for 1994 and 1995. The court determines that the defendant is responsible for twenty one individual visits at $200 per visit, and eighteen group visits at $60 per visit, for a total of $5,280. Since the defendant has previously paid $4,000 to Dr. Tamerin on account, he owes an additional $1,280, only.
Boswell Pharmacy — $ 3,361.35
Dr. Brodlie — $ 150.00
The defendant is, as he concedes, responsible for these bills.
There were several other bills which were claimed at the hearing, but to the extent they have not been claimed in the plaintiffs claim for relief, the court considers these abandoned. Counsel for the plaintiff is to notify counsel for the defendant, by June 24, 1996 as to which expenses should be paid directly to the provider, and which expenses should be paid directly to the plaintiff as reimbursement. The defendant is then ordered to make payment, as directed, no later than July 8, 1996. Upon payment, the plaintiff shall indemnify and hold harmless the defendant from any claim or expense arising from services rendered by these CT Page 4635 providers.
Dated at Stamford, Connecticut, this 10th day of June, 1996.
JOHN F. KAVANEWSKY, JR., JUDGE